IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CASUALTY COMPANY,<br><br>        Plaintiff,<br><br>     v.<br><br>A & H EXPRESS, INC., AMANDEEP SANDU, AJMER SINGH, JACKIE FLETCHER, CLAYTON BAKER, ROBERT NEWCOMER, DENENE DELGADO, MICHAEL IRION, MARVIN JOHN VANDERSLOOT, ESTATE OF CLAY NEWCOMER, ESTATE OF DOTSIE IRION, PROGRESSIVE INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY, 21st CENTURY INSURANCE COMPANY,<br><br>        Defendant.<br>_____ | 2:11-cv-00354-GEB-EFB<br><br>ORDER RE: SETTLEMENT AND DISPOSITION |

        Plaintiff filed a "Notice of Settlement" on July 5, 2011, in which it states, "the parties reached a global settlement as between UCC, A & H Express, Amandeep Sahndu, and Ahmer Singh and the remaining defendants and potential claimants[.]" (ECF No. 25, 1:25-2:2.) Plaintiff requests "the Court schedule an order to show cause hearing regarding settlement for approximately 45 days to allow time for the parties to complete the settlement." Id. at 2:16-3:2.

        Therefore, a dispositional document shall be filed no later than August 19, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and

1

1  a dismissal order could be filed.  See E.D. Cal. R. 160(b) ("A failure
2  to file dispositional papers on the date prescribed by the Court may be
3  grounds for sanctions.").
4        Further, the Status Conference scheduled for hearing on
5  September 19, 2011 will remain on calendar in the event no dispositional
6  document is filed, or if this action is not otherwise dismissed.[1]  A
7  joint status report shall be filed fourteen (14) days prior to the
8  status conference, in which the parties shall address why the "paternity
9  dispute" portion of their settlement agreement should not be resolved in
10 state court.
11       IT IS SO ORDERED.
12 Dated:  August 2, 2011

                      GARLAND E. BURRELL, JR.
                      United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).